## No. 13,161.

### STATE OF LOUISIANA VS. ANNIE HARRIS.

#### SYLLABUS.

1. The authority of the trial judge to control the examination of jurors on their *voir dire,* as relates to the mode of examination, has always, when apparently reasonable, been recognized.

2. The court, as relates to the character of the questions propounded to a juror, is vested with a large discretion, with which an appellate court will not interfere, save in case of manifest disregard of the rights of the accused.

3. Under repeated rulings, the statement of the trial judge incorporated in the bill of exception, is accepted as correct in the absence of evidence showing that it is not correct.

ON APPEAL from the Fourth Judicial District Court for the Parish of Grant. *Machen, J.*

*M. J. Cunningham,* Attorney General, and *A. B. Hundley,* District Attorney, for Plaintiff and Appellee.

·W. C. Roberts for ·Defendant and Appellant.

Submitted on briefs May 6, 1899.
Opinion handed down May 15, 1899.

The opinion of the court was delivered by

Breaux, J.   The accused, Annie Harris, and her husband, were charged, each as principal, on the 24th day of September, 1898, with the murder, on the 18th day of the month of May, 1898, of Jessie Brown.

On her motion, the court granted her a severance in the trial.

She was tried, found guilty of manslaughter, and sentenced to serve at hard labor in the penitentiary for ten years.

From the verdict of the jury and the sentence of the court, she appealed.

The defendant excepted to the court's refusal to permit her counsel in cross-examination of six of the jurors on their *voir dire* to propound the following questions:

"If the evidence in the trial should establish that the accused on trial and Andy Harris, who was indicted jointly with her, who had been tried, are married, and that they were both present and participated in the act which caused the killing, and if the evidence should establish that whatever the wife did, was done under the direction and coercion of her husband, and if the court should instruct you if you should so find, you should acquit her; would you do so?"

The jurors ·to whom this question was propounded, were peremptorily challenged by the defendant.   They had answered that they knew nothing of the case.

The narrative of the bill of exception, made part of the bill by the judge, sets out that the question only had a tendency to confuse or mislead, and to take up the time of .the court uselessly.

It is well settled that the juror's incompetency may be proved upon examination on his *voir dire,* and every question needful to show his disqualification, may be propounded; but, it is, also, equally as well settled that the trial judge may, in his discretion, decline to permit the examination to be extended indefinitely and uselessly.

The examination of a juror, both as relates to time and mode, is to be exercised under the supervision of the district judge.

Messrs. Thompson & Merriam in their book on "Juries," say: "The

court must be vested with considerable discretion in determining the character of the questions to be proposed and the limits of the examination. The questions must be pertinent, and from their nature, calculated to show that the person offered is not sufficiently free from bias to sit as an impartial juror." Sec. 243.

The judge, in the exercise of proper discretion, may see that the examination is properly limited, and that the questions are not such as to mislead or confuse the juror.

The trial judge further stated in an incorporated statement in the same bill of exception. as the one just referred to, that the State, in the examination of the jurors, asked the following:

"If you should be selected as a juror, you will be instructed by the court, and it is your duty to take the law from the court and the testimony from the witnesses, and from that you will make up your verdict; will you do that?"

That the answer was in the affirmative.

We understand that the accused, through counsel, propounded similar questions to the jurors as that which had been propounded by the State, as just mentioned.

To meet the objection of defendant, the trial judge states that similar questions having been propounded by counsel for defendant to the jurors, the court declined to permit them to answer them. The court thought the matter had already been sufficiently passed upon.

We deem it sufficient to say that, here again, we have not found in the ruling any denial of a right. The question had been propounded and answered, and it was not one which should give rise to an extended examination of a juror, for under their oath they were, in the nature of things, if in other respects competent jurors, bound to receive the law, and to construe the facts as just stated.

The second bill of exception relates to an asserted ruling of the District Court permitting a witness to testify over defendant's objection, that the defendant had had some trouble some time prior to the homicide, with. other persons than the deceased. The defendant contended that this evidence was not part of the *res gestae;* but the judge of the District Court informs us by the statement incorporated in the bill of exception that the evidence was taken out of the hearing of the jury. It appears that the court did rule that the evidence relating to the previous difficulty, as well as the threats made to the witness in question, was admissible for the purpose of showing malice, but after the

jury had returned in accordance with the court's order, the witness was not examined; the State did not press the question. It follows that the ruling was of no effect. It was the decision of a question in the abstract, as the prosecution did not avail itself of it to introduce testimony. The court directly states "that the jury returned from their room of deliberation. The witness was not asked anything about the previous difficulty or threats, nor did the evidence go before the jury. This being the case, the defendant could not, in any manner, have been prejudiced."

As relates to the statement of the judge, it has been repeatedly decided that it must control, even if it conflicts with the statement of counsel for the accused. We, therefore, take this statement as entirely correct, the testimony was never heard by the jury, and that renders it unnecessary to pass upon the question of law that would have arisen if it had gone to the jury. State vs. Broussard, 39th Ann., 671; State vs. Young, 40 Ann., 483,

The verdict, sentence and judgment are therefore affirmed.